1170874

6/15/2021 11:10 PM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 3

Jury Fee Paid

CAUSE NO. _____

| | | |
|---|---|---|
| EMERITA FERNANDEZ | § § § | IN THE COUNTY CIVIL COURT |
| Plaintiff | § § § | |
| | § § | AT LAW NO. _____ |
| v. | § § | |
| FIESTA MART, LLC D/B/A FIESTA MART NO. 37 A/K/A FIESTA | § § § | |
| Defendant | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, EMERITA FERNANDEZ, Plaintiff in the above-styled and numbered cause (hereinafter "Plaintiff"), appearing by and through the assistance of the undersigned counsel of record, complaining of and about FIESTA MART, LLC D/B/A FIESTA MART NO. 37 A/K/A FIESTA, and for cause of action respectfully shows the Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1. Plaintiff respectfully requests that the Court enter a Docket Control Order so that discovery can be conducted under Level III.

### II.
### PARTIES

2.1. Plaintiff Emerita Fernandez (hereinafter "Plaintiff") is a resident of Harris County, Texas.

2.2. Defendant Fiesta Mart, L.L.C. (hereinafter "Defendant") is a domestic limited liability company with its principal place of business in Harris County. Defendant conducts business under the assumed name of Fiesta Mart No. 37 and holds itself out to the public more generally as

1

"Fiesta." Plaintiff respectfully requests that the County Clerk issue a civil citation addressed to CT Corporation System, Defendant's registered agent, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Since Plaintiff desires to effectuate service via a private process server, Plaintiff respectfully requests that the County Clerk mail the completed citation to her counsel of record.

### III.
### RULE 47 INFORMATION

3.1. Pursuant to Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff seeks aggregate monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff does not seek non-monetary relief. This matter does qualify for expedited treatment under Rule 169 or Chapter 22 of the Texas Government Code.

### IV.
### PERSONAL JURISDICTION

4.1. As Defendant is a domestic limited liability company, it is amenable to general jurisdiction in all Texas courts, including the County Courts of Harris County.

4.2. Pleading in the alternative to Paragraph 4.1, Defendant committed one or more torts in Harris County with Plaintiff's claims arising directly from those torts.

### V.
### SUBJECT MATTER JURISDICTION

5.1. The Court has subject matter jurisdiction over Plaintiff's claims since the amount in controversy exceeds the minimal jurisdictional limits of the Court.

### VI.
### VENUE

6.1. Venue is appropriate in Harris County under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code as all or part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County.

## VII.
## FACTS WHICH ENGENDERED THE PRESENT LITIGATION

7.1.   On or about August 21, 2020, Plaintiff was shopping at Defendant's grocery store on Bellaire Boulevard in Harris County. As she was walking through the store, she slipped and fell on a large quantity of water which Defendant had allowed to accumulate on the floor in a high traffic area of the store. Plaintiff's left foot became entangled in her shopping cart before she fell to the ground. Plaintiff suffered severe and disabling injuries to her left shin, right knee, lower back, and body generally due to the premises liability and/or negligent activity of Defendant.

## VIII.
## PREMISES LIABILITY

8.1.   At all relevant times, Plaintiff was a customer at the store in question and was on the premises at the invitation of Defendant. As a business patron, Plaintiff is classified as an invitee for purposes of premises liability jurisprudence and was owed a full duty of reasonable care by Defendant.

8.2.   At all relevant times, Defendant had control over the premises in question as it owned, operated, managed, controlled, and and/or maintained the store in question.

8.3.   The water on the floor created an unreasonably dangerous condition for Plaintiff and other similarly situated shoppers.

8.4.   Defendant had actual or constructive knowledge of the water on the floor.

8.5.   Pleading in the alternative to Paragraph 8.4, Defendant placed the water on the floor and/or otherwise created the dangerous condition.

8.6.   Defendant failed to exercise a reasonable degree of care in order to either reduce or eliminate the unreasonable risk of harm created by the water.

8.6. Defendant's failure to use reasonable care in reducing or eliminating the risk of harm caused by the water caused Plaintiff to suffer physical injuries and monetary damages.

8.7. Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Defendant's failure to use reasonable care in reducing or eliminating the risk of harm caused by the water.

## IX.
## NEGLIGENT ACTIVITY

9.1. Pleading in the alternative to Paragraph VIII of this Original Petition, Plaintiff was injured as a result of Defendant's negligent activity which was ongoing at the time Plaintiff was injured.

9.2. Defendant and its employees owed a duty to Plaintiff to exercise reasonable care so as to promote a safe shopping environment for Plaintiff.

9.3. Defendant and its employees breached the duty of reasonable care owed to Plaintiff by:

(a) Failing to detect the presence of the water on the floor of the store and taking appropriate action to warn Plaintiff and/or otherwise reduce or eliminate the risk posed by the unreasonably dangerous condition;

(b) Failing to inspect the aisles in the store on a regular basis;

(c) Failing to clean the aisles in the store on a regular basis;

(d) Failing to perform standard and routine maintenance which would have uncovered the water before Plaintiff fell;

(e) Failing to ensure that Plaintiff was provided with a safe shopping environment free of slip and fall hazards and other potential hazards;

(f) Having employees who walked through the aisle prior to the accident who either deliberately ignored the presence of the water and/or did not employ a reasonable degree of care in checking the floor for potential slip and fall hazards;

(g) Generally discharging its responsibilities as the owner, operator, manager, controller, and maintainer of the store in a random, haphazard, and careless manner; and/or

    (h)    Committing other negligent acts or omissions to be established at the time of trial.

9.4.    Plaintiff suffered physical injuries and monetary damages which were proximately caused by the negligent activity of Defendant.

9.5.    Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Defendant's negligent activity.

## X.
## DAMAGES

10.1.    Plaintiff restates and incorporates herein Paragraphs I through IX of this Original Petition.

10.2.    Plaintiff has suffered severe physical and mental injuries as a result of Defendant's premises liability and/or negligent activity, including serious and debilitating injuries to her left shin, right knee, lower back, and body generally.

10.3.    Plaintiff seeks recovery of the following monetary damages:

    (a)    Past medical expenses;

    (b)    Reasonably anticipated future medical expenses;

    (c)    Past pain and suffering;

    (d)    Future pain and suffering;

    (e)    Past physical disfigurement;

    (f)    Future physical disfigurement

    (g)    Past mental anguish;

    (h)    Future mental anguish;

    (i)    Past lost wages;

    (j)    Diminished future earning capacity;

    (k)    Loss of enjoyment of life;

## XIV.
## JURY DEMAND

14.1. Plaintiff hereby demands a trial by jury as to all claims asserted against Defendant. All applicable fees are being paid by Plaintiff contemporaneously with the filing of this Original Petition.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Emerita Fernandez respectfully prays that Defendant Fiesta Mart, LLC d/b/a Fiesta Mart No. 37 a/k/a Fiesta be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered in her favor for damages in an amount within the jurisdictional limits of the Court. Plaintiff Emerita Fernandez prays for such additional relief, at either law or equity, to which she may prove herself to be justly entitled.

Respectfully Submitted,

THE BAIRD LAW FIRM

/s/ Kenneth R. Baird, Esq.
Kenneth R. Baird
Texas Bar No. 24036172
2323 South Voss Road, Suite 325
Houston, Texas 77057
(713) 783-1113
(281) 677-4227 (facsimile)
kbaird@bairdlawfirm.net
COUNSEL FOR PLAINTIFF EMERITA FERNANDEZ